**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BRANDON ZIMMERMAN, On Behalf of Himself and All Others Similarly Situated,** | ) | |
| ***Plaintiff*,** | ) | **COLLECTIVE AND CLASS ACTION** |
| **v.** | ) | **CASE NO. ________________________** |
| **DJGN LLC, RICCI CULINARY HOLDING COMPANY LLC, RICCI CULINARY MANAGEMENT GROUP LLC, and TONY RICCI,** | ) | **JUDGE ___________________________** |
| | ) | **JURY DEMAND** |
| ***Defendants*.** | ) | |

**<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>**

## <u>I. INTRODUCTION</u>

1. Plaintiff Brandon Zimmerman ("Plaintiff") and all other similarly situated employees work or worked for Defendants DJGN LLC, Ricci Culinary Holding Company LLC, Ricci Culinary Management Group LLC, and Tony Ricci ("Defendants") at their Tony's Steaks & Seafood restaurant located in Cincinnati, Ohio.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*; and (b) a Rule 23 class action under Ohio state law, including the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Oh. Const. Art. II, § 34a (collectively referred to herein as the "Ohio Wage Laws"), and the Ohio common law for unjust enrichment.

3. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers

employed by Defendant, as well as liquidated and other non-wage damages, attorneys' fees, and costs.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

6. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

### A. Plaintiff

7. Plaintiff Zimmerman is a resident of Monroe, Butler County, Ohio.

8. Defendants employed Plaintiff as a server at their Tony's Steaks & Seafood restaurant in Cincinnati, Ohio from approximately July 2017 through May 2025.

9. During his employment as a server, Plaintiff received hourly wages from Defendants less than both the federal and Ohio minimum wage rates plus tips.

### B. Defendants

10. Defendant DJGN LLC is an Ohio limited liability company doing business within this judicial district at 12110 Montgomery Road, Cincinnati, Ohio 45249 as Tony's Steaks & Seafood.

11. Defendant DJGN LLC is headquartered at the Tony's Steaks & Seafood corporate headquarters located at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

12. Defendant DJGN LLC's registered agent is Cogency Global, Inc., which can be served at 3958-D Brown Park Dr., Hilliard, Ohio 43026.

13. Defendant DJGN LLC has at all relevant times been an employer within the meaning of the FLSA.

14. Defendant DJGN LLC has at all relevant times been an employer of Plaintiff and similarly situated individuals who have worked at the Tony's Steaks & Seafood restaurant in Cincinnati, Ohio, within the meaning of the FLSA and within the meaning of the Ohio Wage Laws, including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

15. Defendant Ricci Culinary Holding Company LLC is an Ohio limited liability company doing business within this judicial district and headquartered at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

16. Defendant Ricci Culinary Holding Company LLC's registered agent is Defendant Tony Ricci, who can be served at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

17. Defendant Ricci Culinary Holding Company LLC has at all relevant times been an employer within the meaning of the FLSA.

18. Defendant Ricci Culinary Holding Company LLC has at all relevant times been an employer of Plaintiff and similarly situated individuals who have worked at the Tony's Steaks & Seafood restaurant in Cincinnati, Ohio, within the meaning of the FLSA and within the meaning of the Ohio Wage Laws, including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

19. Defendant Ricci Culinary Management Group LLC is an Ohio limited liability company doing business within this judicial district and headquartered at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

20. Defendant Ricci Culinary Management Group LLC's registered agent is Defendant Tony Ricci, who can be served at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

21. Defendant Ricci Culinary Management Group LLC has at all relevant times been an employer within the meaning of the FLSA.

22. Defendant Ricci Culinary Management Group LLC has at all relevant times been an employer of Plaintiff and similarly situated individuals who have worked at the Tony's Steaks & Seafood restaurant in Cincinnati, Ohio, within the meaning of the FLSA and within the meaning of the Ohio Wage Laws, including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

23. Defendants DJGN LLC, Ricci Culinary Holding Company LLC, and Ricci Culinary Management Group LLC are collectively referred to herein as the "Entity Defendants."

24. The Entity Defendants share a common corporate headquarters.

25. The Entity Defendants are owned by Defendant Ricci.

26. The Entity Defendants share common management.

27. The Entity Defendants share a common business purpose in operating the four (4) Tony's Steaks & Seafood restaurant locations, including the location in Cincinnati, Ohio.

28. The Entity Defendants share common and centralized employment and labor operations.

29. Defendant Tony Ricci is a citizen and resident of Loveland, Clermont County, Ohio.

30. Upon information and belief, Defendant Ricci may be served at 225 Joyce Lane, Loveland, Ohio 45140.

31. Defendant Ricci owns and operates the Entity Defendants and the Tony's Steaks & Seafood restaurant in Cincinnati, Ohio.

32. Among other things, Defendant Ricci does the following, both directly and through the Entity Defendants:

a. oversees and controls day-to-day operations of the Entity Defendants and the Defendants' Cincinnati, Ohio Tony's Steaks & Seafood restaurant;

b. sets all employment policies and practices, including compensation policies and practices for servers at Defendants' Cincinnati, Ohio Tony's Steaks & Seafood restaurant;

c. makes hiring and firing decisions at Defendants' Cincinnati, Ohio Tony's Steaks & Seafood restaurant;

d. disciplines employees at Defendants' Cincinnati, Ohio Tony's Steaks & Seafood restaurant;

e. conducted meetings with tipped employees at each Tony's restaurant location (including Defendants' Cincinnati, Ohio Tony's Steaks & Seafood restaurant, as well as the three other locations in Indianapolis, Indiana; Lexington, Kentucky; and Bowling Green, Kentucky) about prior lawsuits challenging the policies and practices at issue in this lawsuit;

f. acknowledged that he is an employer of the employees at each Tony's restaurant; and,

g. exercised custody and control over the employment records of tipped employees, including servers, at each Tony's restaurant.

33. In short, Defendant Ricci has at all relevant times been an employer of Plaintiff and similarly situated individuals who have worked at the Tony's Steaks & Seafood restaurant in Cincinnati, Ohio, within the meaning of the FLSA and within the meaning of the Ohio Wage Laws,

including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

34. Together, all Defendants are a single employer of Plaintiff and similarly situated individuals who have worked at the Tony's Steaks & Seafood restaurant in Cincinnati, Ohio, within the meaning of the FLSA and within the meaning of the Ohio Wage Laws, including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

## IV. FACTS

35. Plaintiff and those similarly situated are current and former servers at Defendants' Tony's Steaks & Seafood restaurant ("Tony's") in Cincinnati, Ohio, and who Defendants paid less than the applicable minimum wage rates per hour plus customer tips.

36. At all relevant times, Defendants paid Plaintiff and other servers at Tony's an hourly wage below the federal minimum wage of $7.25 per hour.

37. Defendants purported to utilize a tip credit for each hour worked by Plaintiff and other servers to comply with the minimum wage obligations under the FLSA and the Ohio Wage Laws.

38. Plaintiff and other servers at Tony's must share a portion of their tips with back-of-house employees who do not interact with customers, namely, service bartenders.

39. Defendants knew or should have known that its compensation practices and policies for servers violate the FLSA and Ohio Wage Laws.

40. There have been several previous lawsuits related to how Defendants compensate their tipped employees at their Tony's restaurants.

41. In early April 2022, in response to one of those lawsuits, Defendant Ricci held meetings with tipped employees at his Tony's Steaks & Seafood restaurants in Cincinnati, Ohio; Lexington, Kentucky; and Indianapolis, Indiana.

42. During those meetings, Defendant Ricci addressed tipped employees, including servers, regarding the pending legal action; urged them not to take legal action; made threatening and discouraging statements; disparaged the laws under which the claims were brought; and displayed general disregard and disdain for the legal requirements for paying tipped employees, including servers, pursuant to the tip credit.

## V. COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees who consent in writing to participate in this case:

> All current and former servers paid less than minimum wage plus tips at Defendants' Cincinnati, Ohio restaurant at any time from October 9, 2022 through the present.

(the "Potential Plaintiffs").

44. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and Potential Plaintiffs, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

45. Plaintiff also asserts his wage claims under Ohio Wage Laws on behalf of the Potential Plaintiffs who consent in writing to participate in this case as collective claims, in the alternative to the class action claims under these provisions brought on behalf of the Rule 23 Class.

## VI. CLASS ACTION ALLEGATIONS

46. Plaintiff brings his Ohio Wage Law and unjust enrichment claims against Defendant DJGN LLC on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former servers paid less than minimum wage plus tips at Defendants' Cincinnati, Ohio restaurant at any time from October 9, 2022 through the present.

(the "Rule 23 Class").

47. Plaintiff is a member of the Rule 23 Class he seeks to represent.

48. Defendants have employed dozens of individuals as servers at their Cincinnati, Ohio, restaurant. Thus, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

49. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendants require servers to share tips with back-of-house service bartenders; (2) whether the sharing of tips with service bartenders violates the tip-credit provisions of the Ohio Wage Laws; and (3) whether Defendants were unjustly enriched by requiring servers to share tips with service bartenders.

50. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the Ohio Wage Laws and common law of unjust enrichment is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendants' common pay policies and

practices, which Defendants applied generally to all its servers, including Plaintiff. Thus, in advancing his own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

51. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class, and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

52. By failing to pay servers all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VII. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Plaintiff asserts this claim on behalf of himself and members of the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

55. Plaintiff and the Potential Plaintiffs are employees entitled to the FLSA's protections.

56. Defendants are employers covered by the FLSA.

57. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

58. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207. The minimum overtime hourly wage is $10.88 per hour.

59. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

60. The FLSA prohibits employers from relying on the tip credit where employees' tips are shared with other employees who do not have more than *de minimis* customer interaction. 29 U.S.C. § 203(m).

61. Defendants require Plaintiffs and the Potential Plaintiffs to share tips with back-of-house employees who do not interact with customers, namely, service bartenders.

62. As a result, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum and overtime wage obligations to Plaintiff and the Potential Plaintiffs.

63. As such, Defendants have violated the FLSA by failing to pay Plaintiff and the Potential Plaintiffs for all time worked at $7.25 per hour and all overtime hours worked at $10.88 per hour.

64. Plaintiff and the Potential Plaintiffs are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

65. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions, as alleged above.

**COUNT II:**
**VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

68. In the alternative, Plaintiff asserts this claim on behalf of himself and the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

69. Plaintiff, the Potential Plaintiffs, and the Rule 23 Class are employees within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

70. Defendants are employers within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a required to comply with the mandates of the Ohio Constitution.

71. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2025 – $10.70; 2024 – $10.45 per hour; 2023 – $10.10 per hour; 2022 – $9.30 per hour).

72. Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

73. In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

74. Section 3(m) of the FLSA prohibits employers from relying on the tip credit where employees' tips are shared with other employees who do not have more than *de minimis* customer interaction. 29 U.S.C. § 203(m).

75. Defendants require Plaintiff, the Potential Plaintiffs, and the Rule 23 Class to share tips with back-of-house employees who do not interact with customers, namely, service bartenders.

76. As a result, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum and overtime wage obligations to Plaintiff, the Potential Plaintiffs, and the Rule 23 Class.

77. As such, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Plaintiff, the Potential Plaintiffs, and the Rule 23 Class an hourly wage below the required minimum wage.

78. In violating O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a, Defendants have acted willfully and with reckless disregard of clearly applicable provisions of the Ohio Wage Laws.

**COUNT III:**
**VIOLATION OF THE OHIO PROMPT PAYMENT ACT ("OPPA")**

79. All previous paragraphs are incorporated as though fully set forth herein.

80. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

81. In the alternative, Plaintiff asserts this claim on behalf of himself and the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

82. Plaintiff, the Potential Plaintiffs, and the Rule 23 Class are employees entitled to the OPPA's protections and not otherwise exempt.

83. Defendants are employers required to comply with the mandates of the OPPA. O.R.C. § 4113.15.

84. The OPPA requires that employers pay all employees all wages owed, on or before the first day of each month for all wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for all wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15(A).

85. Defendants have failed to compensate Plaintiff, the Potential Plaintiffs, and the Rule 23 Class fully and properly for all hours worked at the required minimum wage.

86. As a result, Defendants have not paid Plaintiff, the Potential Plaintiffs, and the Rule 23 Class all wages earned within thirty days of performing the work. O.R.C. § 4113.15(B).

87. The earned minimum wages of Plaintiff, the Potential Plaintiffs, and the Rule 23 Class remain unpaid for more than thirty days beyond their regularly scheduled paydays.

88. In violating the OPPA, Defendants have acted willfully and with reckless disregard of clearly applicable provisions of the Ohio Wage Laws.

**COUNT IV:**
**UNJUST ENRICHMENT UNDER OHIO LAW**

89. All previous paragraphs are incorporated as though fully set forth herein.

90. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

91. In the alternative, Plaintiff asserts this claim on behalf of himself and the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

92. Plaintiff, the Potential Plaintiffs, and the Rule 23 Class are servers paid an hourly rate less than the applicable federal and Ohio minimum wage plus tips they earn from customers.

93. Defendants use a portion of the tips earned by Plaintiff, the Potential Plaintiffs, and the Rule 23 Class to compensate back-of-house employees, namely, service bartenders, who do not interact with customers and do not earn these tips.

94. Plaintiff, the Potential Plaintiffs, and the Rule 23 Class earn these tips and are entitled to keep them, except for any lawful tip-pooling or tip-sharing arrangement.

95. Instead, Defendants use these tips to defray their labor costs and benefit from their payment to service bartenders in lowering the wages they must pay them.

96. As a result, Defendants are unjustly enriched at the expense of Plaintiff, the Potential Plaintiffs, and the Rule 23 Class in the amount of the tips it unlawfully keeps and uses to pay service bartenders.

97. It is against equity and good conscience to permit Defendants to benefit from these tips.

98. Thus, Defendants should be required to reimburse Plaintiff, the Potential Plaintiffs, and the Rule 23 Class in the amount of these tips.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order authorizing notice to similarly situated employees and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order authorizing notice to the Rule 23 Class and permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23;

C. A finding that Defendants have violated the FLSA and the Ohio Wage Laws and have been unjustly enriched under Ohio law;

D. A finding that Defendants' violations of the FLSA and the Ohio Wage Laws are and were willful and not in good faith;

E. A judgment against Defendants and in favor of Plaintiff, the Potential Plaintiffs, and the Rule 23 Class for compensation for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA and the Ohio Wage Laws;

F. A judgment against Defendants and in favor of Plaintiff, the Potential Plaintiffs, and the Rule 23 Class for restitution for all earned tips kept by Defendants to pay service bartenders and by which Defendants were unjustly enriched;

G. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

H. Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and the Ohio Wage Laws;

I. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, the Ohio Wage Laws, and the Federal Rules of Civil Procedure; and,

J. Such other and further relief as this Court deems just and proper in equity and under the law.

## IX. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: October 9, 2025

Respectfully submitted,

*/s/ David W. Garrison*
David W. Garrison (TN Bar No. 24968) *
Joshua A. Frank (TN Bar No. 33294) *
Nicole A. Chanin (TN Bar No. 40239) *
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*/s/Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Nickole K. Iula (OH Bar No. 0099895)
Anna R. Caplan (OH Bar No. 0104562)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210

Columbus, OH 43219
Phone: (614) 221-4221
bderose@barkanmeizlish.com
niula@barkanmeizlish.com
acaplan@barkanmeizlish.com

* *Pro Hac Vice* Admission to be applied for

*Attorneys for Plaintiffs*